The opinion of tbe Court was delivered by
Johnstone, J.
We think tbe rule, moved for, should bave been granted; and tbat, upon tbe facts shown, tbe judgment should bave been vacated.
Justice and convenience, both, require tbat Courts should bave such control over their records and proceedings as to prevent their being made tbe instruments of fraud or injustice, in frustration of tbat law they are instituted to administer. Of course, they will be careful in tbe exercise of a power so delicate and so liable to be abused, but it belongs to them undoubtedly, to put it forth as parcel of their proper administrative functions, when a proper case arises.
Tbat tbe slave, Bonum, was incapable of contracting, and was not amenable for bis contract to tbe jurisdiction which rendered tbe judgment is unquestionable. He was not bound to put in a defence, and is incapable of making it. Tbe most tbat could be made of tbe fact tbat be appeared, and attempted to defend tbe action, would be tbat be bad admitted bis liability to tbe jurisdiction. But consent cannot give jurisdiction when it is totally wanting ; nor can it make that a contract, which is a nullity.'
A wife cannot be sued without joining her husband; otherwise be might be deprived of her society. And-if a slave could be impleaded for bis contracts, no surer device could be adopted to divest bis master of bis property or bis *622 services. (Gregg vs. Thompson, 2 Mill, 331; Haigler vs. Way, 2 Rich. 326; Mills vs. Dickson, 6 Rich. 487; Bac. Ab. 115, “Judgment to be given on Writ of Error,” 7 edit.)
On the other point; the judgment in this case, being joint, is an entirety, and must be vacated as an entirety when vacated as to either defendant. It cannot be retained (as if amended) against one of them.
It would be unjust to retain it against one defendant, the other being discharged. It is very possible, in many cases, to get a judgment against a party, by joining another with him, which could not have been obtained against him' alone; as, for example, where two, or more are sued on a contract for money,' which appears to be barred by time: and yet a promise is established by one of them, before the bar was complete.
• It is ordered that the motion be granted; and the rule moved for do issue.
O’Neall, 0. J., and Wardlaw, J., concurred.

Motion granted.